IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL RAY SWANSON,  3:21-cv-00668-HZ

        Plaintiff,  OPINION & ORDER

    v.

VETERANS AFFAIRS/SECRETARY,

        Defendant.

HERNÁNDEZ, District Judge:

    Pro se Plaintiff Michael Ray Swanson brings this action against Defendant Veterans Affairs/Secretary. Plaintiff moves to proceed in forma pauperis [1]. Because Plaintiff has minimal income and assets, the Court grants the motion. However, for the reasons explained below, the Court dismisses the Complaint [2] with prejudice.

# STANDARDS

A complaint filed in forma pauperis may be dismissed at any time, including before service of process, if the court determines that:

(B) the action or appeal–

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (sua sponte dismissals under section 1915 "spare prospective defendants the inconvenience and expense of answering" complaints which are "frivolous, malicious, or repetitive"); *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (section 1915(e) applies to all in forma pauperis complaints, not just those filed by inmates). A complaint is frivolous "where it lacks an arguable basis in law or in fact." *Neitzke*, 490 U.S. at 325; *Jackson v. State of Ariz.*, 885 F.2d 639, 640 (9th Cir. 1989).

As the Ninth Circuit has instructed, however, courts must "continue to construe pro se filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A pro se complaint "'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). A pro se litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Lopez*, 203 F.3d at 1130–31.

# DISCUSSION

Plaintiff alleges exposure to toxic water at Camp Lejeune caused his cerebellar atraxia. Compl. at 7, ECF 2. From the Complaint, it appears Plaintiff was a member of the U.S. Marine Corps stationed at Camp Lejuene in 1986. *Id.* Sometime in 2013 or 2014 Plaintiff submitted a claim for a service-connected injury to the Veteran Affairs Administration (VA). *Id.* The claim was denied November 26, 2014. *Id.* He submitted a second claim which was denied September 22, 2016. *Id.* According to the Complaint, the VA examiner concluded that his it was "LESS LIKELY THAN NOT" that his cerebellar ataxia was a result of contaminated water. *Id.* at 8. "The examiner cited that reviewed medical literature does not show an ASSOCIATION between cerebellar ataxia and exposure to contaminated water." *Id.* It appears that Plaintiff now asks the Court to reverse the decision of the VA examiner. *Id.* at 5.

Plaintiff has brought three similar actions in this Court. Two before Judge Mosman and one before Judge Russo. Judge Mosman has twice dismissed Plaintiff's claims with prejudice. Op. & Order, ECF 13, 3:17-cv-00216-MO (dismissing Plaintiff's claim related to the denial of his veterans benefits with prejudice); Hr'g 6:19–7:6, ECF 63, 3:17-cv-01164-MO (finding that Plaintiff's remaining claims were precluded by the *Feres* doctrine and the FTCA's statute of limitations and dismissing plaintiff's claims with prejudice). Judge Russo dismissed Plaintiff's claims based on claim preclusion. *Swanson v. United States*, No. 3:18-CV-02148-JR, 2019 WL 7633157, at *1 (D. Or. Nov. 6, 2019), *report and recommendation adopted*, No. 3:18-CV-02148-JR, 2020 WL 423384 (D. Or. Jan. 24, 2020), *appeal dismissed sub nom. Swanson v. United States Att'y Gen.*, No. 20-35167, 2020 WL 2730805 (9th Cir. Mar. 27, 2020), and *aff'd*, No. 20-35126, 2021 WL 1688850 (9th Cir. Apr. 29, 2021) (granting summary judgment and dismissing the case based on claim preclusion). Her opinion also explains the *Feres* Doctrine and statute of

limitations issues that led to the dismissal of Plaintiff's claims in his first case before Judge Mosman.

The Court dismisses Plaintiff's complaint with prejudice on the same basis. Under the doctrine of claim preclusion, a final judgment on the merits rendered by a court of competent jurisdiction is conclusive and constitutes an absolute bar to a subsequent identical action against the same defendant or those in privity with that defendant. *Montana v. United States*, 440 U.S. 147, 153 (1979). A claim or cause of action is identical when "the suits arise out of the same transactional nucleus of facts." *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 406 (9th Cir.1985). "Claim preclusion 'applies when there is (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between the parties.'" *Cell Therapeutics, Inc. v. Lash Group, Inc.*, No. 08–35619, 586 F.3d 1204, 2009 U.S.App. LEXIS 25297, at *21; 2009 WL 3837544 (9th Cir. Nov. 18, 2009) (quoting *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir.2002)).

As Judge Russo discussed in her opinion, all three elements of claim preclusion are met here. Because claim preclusion prevents Plaintiff from bringing this action again, the Court dismisses the Complaint with prejudice.

//

//

//

//

//

//

//

## CONCLUSION

Plaintiff's application for leave to proceed IFP [1] is granted. Plaintiff's Complaint [2] is dismissed with prejudice.

IT IS SO ORDERED.

DATED: May 20, 2021.

                                                                     MARCO A. HERNÁNDEZ
                                                                     United States District Judge